IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK A SHEPHERD, <u>et al.</u>     *
                                  *
v.                                *
                                  *    Civil Action No. WMN-09-3353
FREMONT INVESTMENT &              *
LOAN, <u>et al.</u>               *
                                  *
  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

**<u>MEMORANDUM</u>**

Before the Court are three motions to dismiss filed by Defendant Friedman & MacFadyen, P.A. (F & M), Paper No. 10; Defendants Fremont Reorganizing Corporation f/k/a Fremont Investment & Loan (Fremont), Paper No. 14; and Defendants Litton Loan Servicing L.P. (Litton), MERS, Inc. (MERS), and HSBC Bank, N.A. (HSBC), Paper No. 20.  Plaintiffs filed an opposition to the motions filed by F & M, Litton, MERS, and HSBC, but did not respond to the Fremont motion.[1]  All motions are now ripe.  Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary, Local Rule 106.5, and that the motions should be granted.

This suit arises out of a residential refinancing.  On August 25, 2006, Plaintiffs Mark and Elissa Shepherd executed a Deed of Trust and an Adjustable Rate Note (Note) in the amount

---

[1] Plaintiffs captioned their pleading as a "Motion to Dismiss Motion to Dismiss," Paper No. 22, but as Plaintiffs filed no other responsive document, the Court will treat this pleading as their opposition.

of $250,000 in favor of Defendant Fremont.  The Deed of Trust was secured by the Plaintiffs' residence, real property known as 369 Friendship Road, Friendship, Maryland.  Defendant F & M, a law firm, was identified as a "Trustee" on the Deed of Trust.

After the refinancing, Fremont sold the Note and its corresponding rights.  The current note holder is Defendant HSBC Bank USA, National Association, as Trustee (HSBC).  Defendant Litton Loan Servicing LP (Litton) is the current loan servicer.  On or about December 3, 2009, Litton sent Plaintiffs a notice stating that they were in default on their mortgage loan and that the property might be subject to foreclosure should the default not be cured.  Litton represented that, at that time, a payment of $22,664.21 would be required to cure the default.  See Notice of Intent to Foreclose, unnumbered exhibit to Complaint.

On December 14, 2009, Plaintiffs filed the instant Complaint against Fremont, Litton, HSBC, F & M, MERS,[2] and 250 Doe Defendants.  The Complaint contains eight asserted causes of action, denominated as follows:

> First Cause of Action For Quiet Title against All
> Defendants;

---

[2] While MERS is listed in the caption of the Complaint, there are no allegations concerning this Defendant in the body of the Complaint.  In the Deed of Trust attached to the Complaint, MERS is identified as a beneficiary under that security instrument, acting as a nominee for the Lender.

2

Second Cause of Action For Rescission Based on
Violation of PHIFA;[3]

Third Cause of Action For Rescission Based on Fraud
(Non-disclosure against All Defendants)

Forth Cause of Action For Unfair Debt Collection
Practices[4] against All Defendants

Fifth Cause of Action For Unfair Business Practices,
Violation of the RESPA[5] and TILA[6] against All
Defendants;

Sixth Cause of Action For Breach of Fiduciary Duty
against All Defendants;

Seventh Cause of Action For Breach of Written Contract
against Defendants PMAC[7] and Does 1 to 100 Inclusive;

Ninth[8] Cause of Action For Violation of 15 U.S.C.
Section 1639 Against Defendants PMC[9] and Does 151 to
250 Inclusive.

---

[3] The Court assumes Plaintiffs are referring to Maryland's
Protection of Homeowners in Foreclosure Act, Md. Code Ann., Real
Prop. §§ 7-301 et seq.

[4] The Court assumes that Plaintiffs are relying upon the federal
Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.
(FDCPA).

[5] The Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et
seq.

[6] The Truth in Lending Act, 15 U.S.C. § 1601 et seq.

[7] The caption of this count references "PMAC" but no further
reference to that entity appears in the Complaint.

[8] In numerating the causes of action, the Complaint skips from
Seventh to Ninth.

[9] The caption of this count references "PMC" but no further
reference to that entity appears in the Complaint.

In moving to dismiss the Complaint, Defendants raise a variety of defenses including: the inapplicability of the statutes cited by Plaintiffs to the Defendants named in this suit; Plaintiffs' allegations are contradicted by the exhibits attached to the Complaint; that Maryland does not recognize one of the causes of action asserted, the tort of breach of fiduciary duty; and that several of the claims asserted are time barred.  Beyond those defenses, Defendants note more generally that Plaintiffs have supplied no actual facts to support any of their claims as the Complaint consists entirely of conclusory observations.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 556).  A district court need not accept a plaintiff's legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S. Ct. at 1949-50.

4

The Court finds that the Complaint lacks sufficient factual support for any of its claims.  For example, in Count Two Plaintiffs allege that the conduct of Defendants was "oppressive, malicious, and fraudulent, and undertaken with complete disregard for Plaintiffs' legal and property right," Compl. ¶ 19, but offer no explanation as to what that conduct might be.  Plaintiffs make a similar unsupported allegation in Count Three.  See id. ¶ 25.  In Counts Four and Five, Plaintiffs allege that Defendants' actions violated various statutes, but do not identify the actions to which they are referring, or how those unidentified actions violated any statute.

In their opposition to Defendants' motions, Plaintiffs offer no further explanation or enlightenment as to the facts they believe support their claims.  If anything, the opposition further obscures the nature of those claims.  Plaintiffs repeatedly refer in their opposition to Defendants' failure to comply with their "Nice Offer and Demands," without explaining what that document might be or what import it might have.[10]

Beyond the general conclusory nature of Plaintiffs' allegations, the Complaint also suffers from the following infirmities.

---

[10] Plaintiffs cite to an Exhibit Q that supposedly is this "Nice Offer and Demands" but the exhibit, whatever it is, was not attached to either Plaintiffs' Complaint or Opposition.

5

Many of Plaintiffs' claims, if properly supported, would be barred by applicable statutes of limitations. The settlement on Plaintiffs' refinancing took place on August 25, 2006. Thus, any cause of action related to representations made leading up to or as part of that settlement or conduct related to that settlement would have accrued no later than that date. The claims that would appear to relate to the settlement are Plaintiffs' fraud claim, TILA claim, RESPA claim, and 15 U.S.C. § 1639 claim. These claims are subject to the following statutes of limitation: the fraud claim to Maryland's three year general statute of limitations, Md. Code Ann., Cts. & Jud. Proc. § 5-101; and the TILA, RESPA, and § 1639 claims to a one year or three year limitations period, depending on the allegation and remedy sought. See 15 U.S.C. § 1640(e) and 12 U.S.C. § 2614. As the Complaint was not filed until December 14, 2009, - more than three years after the settlement occurred - these claims are time barred.

Several of the statutes cited by Plaintiff regulate entities functioning in different roles in the mortgage industry than the roles in which Defendants functioned. The statute cited in Count Two, PHIFA, applies to "foreclosure consultants," Md. Code Ann., Real Prop. § 7-301(b); "foreclosure consulting services," id. § 7-301(d); and "foreclosure purchasers," id. § 7-301(e). Plaintiffs do not allege that any of the Defendants

functioned in those capacities. The statute cited in Count Four, FDCPA, applies to "debt collectors." None of the Defendants are debt collectors as that term is defined in the statute. See Scott v. Wells Fargo Home Mortgage. Inc., 326 F. Supp. 2d 719, 717-718 (E.D. Va. 2003) (Creditors, mortgagors, and mortgage servicing companies are not debt collectors and are exempt from liability under FDCPA).

Finally, Plaintiffs attempt to bring a claim for breach of fiduciary duty. It is well established that Maryland courts do not recognize a separate tort of breach of fiduciary duty. See Kann v. Kann, 690 A.2d 509 (Md. 1997).

For these reasons, the Court will dismiss the Complaint in its entirety as to all Defendants. A separate order will issue.

                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge

DATED: June 30, 2010